IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip D. Newberry, | C/A No.: 1:24-4178-RMG-SVH |
| Plaintiff, | |
| vs. | |
| Michael J. Prodan; John Doe; and Dustin Dailey, | REPORT AND RECOMMENDATION |
| Defendants. | |

Phillip D. Newberry ("Plaintiff"), proceeding pro se, filed this complaint against Michael J. Prodan, John Doe, and Dustin Dailey ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the foregoing reasons, the undersigned recommends this matter be dismissed without leave for further amendment.

I.      Factual and Procedural Background

On August 19, 2024, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until September 9, 2024, to file an amended complaint. [ECF Nos. 8, 10]. Plaintiff filed an amended complaint on September 16, 2024. [ECF No. 12].

1

Plaintiff alleges many unknown individuals violated his constitutional rights in various ways. However, he fails to provide sufficient detail for the court to evaluate these legal conclusions. Regarding the named defendants, Plaintiff alleges the following:

- "Michael Prodan engaged in pre-indictment delay by knowingly and intentionally failing to file charges in order to accumulate evidence to use as a tactical advantage to justify an enhanced charge . . . ." [ECF No. 12-1 at 1].
- "On 7-28-2023, Michael Prodan knowingly engaged in intimidation by threatening me with a fixed jail sentence of 10 years . . . ." *Id.* at 3.
- Prodan knowingly suppressed an "Affidavit to Prosecute" which would be favorable to the defense. *Id.* Prodan indicted him on two counts of stalking without a grand jury and without jurisdiction. *Id.* at 5.
- "Arresting officer Dustin Dailey failed to articulate the reason for the arrest and to allow me to inspect the warrant in a timely manner . . . ." *Id.* at 4.

Plaintiff alleges various John Doe "defendants"[1] allegedly violated his rights by failing to comply with South Carolina law, failing to allow him to record his mental health examinations, restricting content on his jail tablet, subjecting him to a strip search, illegally detaining and searching him, denying him the right to represent himself, and ordering him to be civilly committed. See generally ECF No. 12-1. Plaintiff further alleges Prodan indicted him on two counts of stalking without a grand jury and without jurisdiction. *Id.* at 5.

---

[1] Plaintiff has named one John Doe as a defendant.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

3

do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Failure to Meet Pleading Requirements

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled

to relief. Plaintiff's complaint does not state any claim against any defendant. As noted above, the court must only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Regarding each of his claims, Plaintiff provides a sentence containing an allegation, and then concludes that the relevant defendant violated various constitutional rights. However, none of Plaintiff's allegations, standing alone, establish a constitutional violation. For instance, assuming Plaintiff's allegation that Prodan accumulated additional evidence before filing charges against him, it fails to state a claim for relief.

2.   *Younger* abstention bars injunctive relief

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an

5

adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff states he is facing criminal stalking charges, which satisfies the first part of the test. The second part of the test is met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Accordingly, to the extent Plaintiff seeks injunctive interference in his state criminal case, the complaint is subject to summary dismissal. *See Younger*, 401 U.S. at 43–44.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be dismissed without further leave for amendment. The undersigned further

recommends Plaintiff's motion to transfer venue be denied, as he has not alleged a factual connection to North Carolina.

    IT IS SO RECOMMENDED.

September 20, 2024                              Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).