IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Phillip D. Newberry, | Case No. 1:24-4178-RMG |
| Plaintiff, | |
| v. | |
| Michael J. Prodan, John Doe and Dustin Dailey, | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Plaintiff's complaint be dismissed without leave for further amendment. (Dkt. No. 18). The Magistrate Judge also recommends that Plaintiff's motion to transfer venue be denied in light of Plaintiff's failure to allege any factual connection to North Carolina. (*Id.* at 7). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's complaint without leave for further amendment and denies Plaintiff's motion to transfer venue.

**I.      Background**

Plaintiff alleges that various individuals violated his constitutional rights in the process of bringing state criminal stalking charges against him. As to the named defendants, Plaintiff alleges that "Michael Prodan engaged in pre-indictment delay by knowingly and intentionally failing to file charges in order to accumulate evidence to use as a tactical advantage to justify an enhanced charge . . . .," (Dkt. No. 12-1 at 1), that "[o]n 7-28-2023, Michael Prodan knowingly engaged in intimidation by threatening me with a fixed jail sentence of 10 years . . . .," (*id.* at 3), that Prodan knowingly suppressed an "Affidavit to Prosecute" which would be favorable to the defense, (*id.*), that Prodan indicted Plaintiff on two counts of stalking without a grand jury and without

1

jurisdiction, (*id.* at 5) and that "[a]rresting officer Dustin Dailey failed to articulate the reason for the arrest and to allow me to inspect the warrant in a timely manner . . . ." *Id.* at 4. Plaintiff's other claims concern unnamed John Doe defendants who allegedly violated his rights by failing to comply with South Carolina law, failing to allow him to record his mental health examinations, restricting content on his jail tablet, subjecting him to a strip search, illegally detaining and searching him, denying him the right to represent himself, and ordering him to be civilly committed. (*See generally* Dkt. No. 12-1).

The Magistrate Judge directed Plaintiff to bring his case into proper form and advised him of deficiencies in his complaint on August 19, 2024. (Dkt. Nos. 8, 10). Plaintiff filed an Amended Complaint on September 16, 2024. (Dkt. No. 12).

**II.     Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.    Discussion

The R&R ably determined that Plaintiff has not satisfied pleading requirements even under the liberal standard of review afforded to *pro se* litigants where "Plaintiff's complaint does not state any claim against any defendant" but instead "provides a sentence containing an allegation, and then concludes that the relevant defendant violated various constitutional rights." (Dkt. No. 18 at 5).  For example, Plaintiff alleges that "[t]hree John Doe defendants of the Chester County Sheriffs department came to my place of residence on or about May 18th 2023 and deprived me of my 14th amendment right to equal protection of the law by knowingly ignoring SC code of laws 16-3-1810 making them liable for IIED and outrage . . . ." (Dkt. No. 12-1 at 1).  He does not allege any specific action by the John Doe defendants that accomplished this constitutional violation. Plaintiff's numerous other allegations follow this same pattern.

With regard to Plaintiff's request for injunctive relief, the Court agrees with the R&R's conclusion that the doctrine of *Younger* abstention bars such relief.  The Fourth Circuit has interpreted the Supreme Court's decision in *Younger v. Harris* to instruct that abstention is appropriate where "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Here, all three factors weigh in favor of abstention where (1) Plaintiff has been charged with criminal stalking charges in state court,  (2) a state has an important interest in

implicating its criminal justice system and (3) where Plaintiff may raise his federal constitutional claims in the state proceeding. (Dkt. No. 18 at 6).

### IV.     Conclusion

The Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **DISMISSES** Plaintiff's Amended Complaint without further leave to amend (Dkt. No. 12) and **DENIES** Plaintiff's motion to transfer venue (Dkt. No. 14).

**AND IT IS SO ORDERED.**

_s/Richard M. Gergel_
Richard Mark Gergel
United States District Judge

October 15, 2024
Charleston, South Carolina